### McCORMICK v MESSER et

Ohio Common Pleas, Hamilton Co

Decided Oct 6, 1937

James G. Stewart, Cincinnati, for plaintiff.

Divers & Warm, Cincinnati, and George E. Fee, Cincinnati, for defendant, Jacob Warm.

## OPINION

By SCHWAB, J.

This case is before the court upon a demurrer to the petition on the ground that the same does not state a cause of action against the defendant for the reason that the action was not commenced within the period of time required by law.

The facts as stated in the petition are substantially as follows:

Mr. and Mrs. Koch, citizens and residents of the state of Florida, on July 22, 1925, gave a mortgage on certain real estate in Florida to the plaintiff, Florence M. McCormick, also a citizen and resident of that state. This mortgage was given as security for four promissory notes; thereafter the Kochs sold and conveyed to the de-defendants, Frank Messer and Jacob Warm, an undivided one-half interest in the real estate which plaintiff held and mortgaged, and in the deed of conveyance to the defendants from the Kochs there was a clause by which the defendants assumed and agreed to pay one-half the mortgage indebtedness. The notes and mortgage being in default, the plaintiff foreclosed upon the real estate and there was a judicial sale made in accordance with the decree of the Florida court; that after the payment of the foreclosure costs to the court the net proceeds of the sale to the plaintiff there was a deficiency and this action has been brought by the plaintiff to recover one-half of said deficiency which the plaintiff claims amounts to the sum of $20,410.60.

Under the allegations of the petition the last of the four notes to become due, and which the mortgage was given to secure, became due and payable July 24, 1929. The petition herein was filed on November 13, 1936.

The first question that presents itself to the court is whether or not the action is brought within the time fixed by law, and whether this court is to be governed by the law of the state of Florida or the law of the state of Ohio.

Goodrich on the Conflict of Laws, page 168, §85, (1927) states as follows:

"Statutes of limitations are viewed in English and American law as pertaining to remedy only. The period of limitations of actions of the forum will be looked to in determining whether the plaintiff's action is barred by lapse of time, not the law where the cause of action arose or where the parties have lived in the meantime."

The Supreme Court of the United States in the case of Willard v Wood, reported in 135 U. S., p. 309, states:

"The question whether the remedy of a mortgagee against a grantee of the mortgagor, to enforce an agreement of such grantee, contained in the deed to him, to pay the mortgage debt, is at law or in equity, is governed by the lex fori."

The court, therefore, reaches the conclusion that the law of Ohio is the law which shall control this court in determining the question of whether or not the action was brought within the time prescribed by law.

Sec 11221, GC, provides as follows:

"Contract in writing—An action upon a specialty, or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Sec 11222 GC, provides as follows:

"Contract not in writing—An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

If the court reaches the conclusion that the contract sued upon is a written con-

tract within the meaning of §11221, GC, then the demurrer should be overruled. On the other hand, if the court reaches the conclusion that the action is upon a contract not in writing, express or implied, the cause of action is barred by §11222 GC and the demurrer to the petition herein should be sustained.

This question has never been directly decided by the courts of this state.

The parties to this action were before this court upon the same set of facts, in case No. A-46656, Common Pleas Court, when the plaintiff sought to proceed directly against the defendants, as assuming grantees of the mortgagor of the property in question without first foreclosing the mortgage in Florida.

Upon a demurrer to this petition this court sustained the same on the theory that the contract of the assuming grantee is regarded in Ohio as a contract made between the grantee and the mortgagor and not for the benefit of the mortgagee. Therefore, the court in that case held that the plaintiff was not entitled to proceed in an action at law directly against the assuming grantee and that his remedy was in equity upon a foreclosure of the mortgage in question where, by virtue of the doctrine of subrogation, he might proceed against the defendants.

In the case of the **Trustee of Section No. 16, in Township 14, Branch 17, Hocking County v Jesse Spencer, reported in 7 Ohio Rep., part 2, p. 149,** the Supreme Court of Ohio non-suited the plaintiff in an action of covenant upon a lease. Judge Grimke delivering the opinion of the court observed that the question arising in this case is a very important one, and is, I believe, for the first time presented for decision in this country. It is, whether a person may by certain acts of his own, such as his acceptance of an interest conveyed by deed, which he never executed, bind himself to perform all the conditions and covenants, which it contains, as effectually as if he had in a formal manner sealed and delivered the instrument.

The court in that case coming to the conclusion the lessee by deed poll or writing not under seal who should be bound to the performance of certain duties relating to the land could not therefore be sued in covenant because those duties, in order to be considered as covenants must, in addition to their relation of the land, be created by deed.

In reaching this conclusion the court calls attention to the language of Coke whose remarks had been referred to the court in the following fashion:

"Indeed, Coke himself does not say that an action of covenant will lie, but only an action; and the reader is left to conjecture what form of action he really intended."

This case is referred to by the Supreme Court of the United States in the case of Willard v Wood, 135 U. S., p. 309, page 313, where the court in its opinion observed:

"Much of the argument at the bar was devoted to the question, where an agreement of the grantee, in a deed signed and sealed by the grantor only, is, as has been held in New Jersey and New York, in the nature of a covenant under seal, and consequently a specialty;"

and here the court cites a number of decisions of New York and New Jersey; "or, as held in other states, in the nature of an assumpsit or implied contract, arising from the acceptance of the deed, and consequently a simple contract," citing among other cases the Spencer case.

In the case of Charlotte Cushman v Garrison & Davis, 2 Cincinnati Superior Court Rep. p 145, syllabus of which reads as follows:

"A sells a perpetual leasehold interest in certain property to B, who executed to A his notes and mortgage for part of the purchase money.

"B sells the said leasehold interest to C, and conveys the same by a deed-poll, which C accepts. Said deed-poll recites the facts, that the aforesaid purchase money notes had been given to A, and were unpaid, and that C had assumed the payment of them as part of the consideration money in the purchase of the premises from B.

"HELD, that an action of assumpsit, by A against C, for the amount of the unpaid notes, will lie."

In rendering its decision the court called attention on page 149 to the case of Brewer v Dyer, 7 Cush. 337, wherein the court said:

"that the obligation, in such a case, does not rest upon the ground of any actual or supposed relationship between the parties, but upon the broader and more satisfactory basis, that the law, operating on

the acts of the parties, creates the duty, establishes a privity, and implies the promise on which the action is founded'."

The court reaches the conclusion, therefore, that the law of Ohio, insofar as the courts have spoken is that the acceptance of the deed containing an assumption clause raises an implied promise to pay the debt, and that it is upon this implied promise that the plaintiff in this case brings this action. That the defendant is as securely bound upon the implied promise as upon a contract in writing there can be no doubt. The question here presented is one of remedy and under the law of Ohio one must proceed upon an implied contract within six years after the cause thereof accrued.

Therefore, the court reaches the conclusion that the action not being brought within the period of six years after the cause thereof accrued, as provided for in §11222, GC, is barred by the operation of that statute.

Accordingly the demurrer to the petition will be sustained.